AMBROSE COBURN V. THE STATE.

*No. 1089. Decided June 26th, 1896.*

Incest—Accomplice Testimony—Charge.                          .      ,

On a trial for incest between a father and daughter, where the circumstances are such as to raise the issue as to whether the prosecutrix was an accomplice, such issue should be presented to the jury and they should be instructed as to what would constitute an accomplice; and in case they found she was an accomplice, that they must find, before they could convict, that there was testimony outside of her testimony, tending to connect the defendant with the offense charged; and a failure to give such an instruction, would constitute reversible error, even though the charge was not excepted to on account of the omission.

APPEAL from the District Court of Tarrant. Tried below before Hon. W. D. HARRIS.

This appeal is from a conviction for incest, between a father and daughter, the punishment being assessed at ten years' imprisonment in the penitentiary.

No further statement than that found in the opinion is required.

[No briefs for either party have come to the hands of the Reporter.]

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of incest, and given ten years in the penitentiary, and prosecutes this appeal. A number of bills of exceptions were reserved to the action of the court on questions arising during the trial of the case, but as the case will be reversed on a question not raised by the appellant, either in the court below or in this court, we deem it unnecessary to notice the questions raised by the bills of exceptions. The only person who testified to any act of carnal intercourse between the appellant and Ada Coburn, his daughter, was the said Ada Coburn herself; and the record does not show any corroboration of her by any other witness as to any act of sexual intercourse between her and her father, the appellant. In her testimony she discloses that she was coerced by her father into having sexual intercourse with him, and she goes so far as to state that the first act of sexual intercourse occurred between them when she was only 6 years old, but that it neither hurt her, nor drew any blood. However, circumstances surrounding her at certain times when she said the acts of sexual intercouase occurred between her and appellant, and to which she testified, were such as to indicate that she was consenting; at least, no objection or resistance was interposed when the least act of resistance or objection interposed by her would have prevented the acts of sexual intercourse. If she was not an accomplice, the circumstances at least raise the issue as to whether or not she was such accomplice, and this issue should have been presented to the jury in the charge of the court. They should have been instructed what it took to constitute an accomplice, and it should have been left to them to say whether or not she was an accomplice in the act charged against the appellant; and in case they should find that she was such accomplice, then the jury should have been instructed that, before they could convict appellant, they must find that there was some testimony in the case, outside of the prosecutrix's, tending to connect appellant with the offense charged. We have examined the charge of the court, and we fail to find that he gave any instruction to the jury on the subject of accomplice's testimony. The facts of this case rendered such an instruction necessary, and a failure to give the same, though not excepted to, was error. See, Watson v. State, 9 Tex. Crim. App., 237; Freeman v. State, 11 Tex. Crim. App., 92; Mercer v. State, 17 Tex. Crim. App., 452; Stewart v. State, 35 Tex. Crim. Rep., 174. The judgment is reversed, and the cause remanded.

*Reversed and Remanded.*