### G. T. H. GILLESPIE v. THE STATE.

#### No. 3631. Decided March 21, 1906.

**1.—Incest—Accomplice—Charge of Court.**

Upon a trial for incest where the evidence showed that the female, although not engaging in the act voluntarily and with the same intent as her paramour, made no sort of resistance to the act of copulation, and merely remained passive, the charge of the court which failed to pronounce such conduct of the female to be sufficient to make her an accomplice, was error.

**2.—Same—Evidence—Declaration of Third Parties—Hearsay.**

Upon a trial for incest, the testimony of the prosecutrix that she told her mother and brother about the transaction should have been excluded under the circumstances of the case.

**3.—Same—Other Transactions of Incestious Intercourse.**

Upon a trial for incest, evidence of former transactions of incestuous intercourse between prosecutrix and defendant were inadmissible; especially where such transactions were more than ten years old.

**4.—Same—Accomplice—Corroboration—Insufficiency of Evidence.**

Upon a trial of incest where the evidence showed that the prosecutrix was an accomplice, and there was not sufficient testimony corroborative of her testimony, the conviction could not be sustained.

Appeal from the District Court of Baylor. Tried below before the Hon. J. M. Morgan.

Appeal from a conviction of incest; penalty, two years confinement in the penitentiary.

The opinion states the case.

*Glasgow & Kenan,* for appellant.

*Howard Martin,* Assistant Attorney-General for the State.

HENDERSON, JUDGE.—Appellant was convicted of incest, and his punishment assessed at two years confinement in the penitentiary; and appeals.

By appellant's first bill of exceptions he questions the action of the court in charging the jury on accomplice's testimony. Said charge is as follows: "If the jury shall find from the evidence that the witness Lizzie Gillespie, with whom the incestuous intercourse is alleged to have been had, did voluntarily, and with the same intent that actuated defendant, unite with him in the alleged commission of the offense set out in

the indictment, then and in that event she would be an accomplice, and her testimony would not be sufficient to warrant a conviction, unless you believe the same to be true, and unless you find that she is corroborated by other credible testimony tending to connect the defendant with the commission of the alleged offense." Appellant claims that this charge is upon the weight of the evidence, in assuming that Lizzie Gillespie told the truth; and that it is further incorrect, because it did not go far enough in defining "an accomplice." We do not believe the first objection is well taken. The charge does not assume the truth of the testimony of the prosecutrix, but leaves that to the jury. But we believe that the second objection so applied to the facts of this case is sound. Evidently a person engaging in incest, and who does so voluntarily, and actuated by the same intent as the other party (the accused) is an accomplice. However, a female may be an accomplice, though not engaging in the act voluntarily and with the same intent as her paramour. It is incumbent on her to make some sort of resistance to the act of copulation. Merely remaining passive during the operation would not be enough. Here is a woman over 30 years of age. There were others in the house close by. She narrates that her father got in the bed with her, fondled her person, pulled up her gown, pulled down her drawers, pulled her legs apart, and copulated with her; that she did not consent. She was not willing, but we fail to see any opposition whatever on her part. Tate v. State, 8 Texas Ct. Rep., 741; Clifton v. State, 10 Texas Ct. Rep., 20; Pate v. State, decided March 14, 1906, present term.

Appellant also objected to the testimony adduced by the State from the prosecutrix, to the effect that she told her mother and brother about the transaction. This objection should have been sustained, as such testimony is not admissible in this character of case. Clark v. State, 45 S. W. Rep., 576; Poyner v. State, 51 S. W. Rep., 376.

Nor do we believe that it was admissible for the State to prove former transactions of incestuous intercourse between prosecutrix and appellant. Certainly not to prove instances of this sort more than ten years old. We understand this to be the doctrine of Clifton v. State, 10 Texas Ct. Rep., 20, which in effect overruled Burnett v. State, 32 Texas Crim. Rep., 86, and Funderburg v. State, 23 Tex. Crim. App., 392.

Appellant strongly insists that the testimony does not sustain the conviction. We have examined the testimony carefully, and if it be conceded that the prosecutrix was an accomplice, which we think is evident, we fail to find sufficient testimony, outside of her evidence, tending to connect appellant with the commission of the offense, corroborative of her testimony. Unless the State's case can be reinforced by other testimony, we do not believe that under the authorities this conviction can be sustained. Blanchette v. State, 29 Texas Crim. App., 46; Mercer v. State, 17 Texas Crim. App., 463; Coburn v. State, 36

Texas Crim. App., 257, 36 S. W. Rep., 442; Shelley v. State (Tenn.),
31 S. W. Rep., 492.

The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*