### W. H. BURFORD v. STATE.

No. 2086.  Decided November 27, 1912.

**1.—Incest—First Wife—Marriage—Relationship.**

Where, upon trial of incest, the record on appeal contained no proof that appellant's first wife was dead or that he had been divorced from her at the time of his second marriage, the conviction for incest with the daughter of his second wife could not be sustained.

**2.—Same—Continuance—Admissions by the State.**

Where the State sought to avoid the force of the application for continuance by admitting that if the witness were present she would testify as alleged, but did not admit that such testimony was true, and the same was material, the continuance should have been granted.

**3.—Same—Charge of Court—Accomplice—Corroboration.**

Where, upon trial of incest, the illicit relations between the parties had existed for more than three years and showed that prosecutrix had voluntarily gone with defendant at times when he had intercourse with her, her conduct was such as to make her an accomplice in law, although she testified that she submitted through fear at the time the act of intercourse took place on which the prosecution is based, and the court should have instructed the jury that she was an accomplice and that her testimony must be corroborated.

Appeal from the District Court of Reeves.   Tried below before the Hon. S. J. Isaacks.

Appeal from a conviction of incest; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*Gibson & Wilson* and *J. E. Starley,* for appellant.   On question of relationship and former marriage: Harville v. State, 54 Texas Crim. Rep., 426, 113 S. W. Rep., 283; Knapp v. State, 54 Texas Crim. Rep., 633, 114 S. W. Rep., 836; Clark v. State, 45 S. W. Rep., 576; McGrew v. State, 13 Texas Crim. App., 340.

On the question of accomplice: Clifton v. State, 79 S. W. Rep., 823; Tate v. State, 77 S. W. Rep., 793; Clark v. State, 45 S. W. Rep., 576; Dodson v. State, 6 S. W. Rep., 548; Coburn v. State, 36 S. W. Rep., 442; Pate v. State, 93 S. W. Rep., 556; Gillespie v. State, 93 S. W. Rep., 557.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was indicted for incest—having carnal knowledge of his stepdaughter, Miss Willie Boyd.

One of the serious questions raised in the case is that the record contains no proof that appellant's first wife was dead or he had been divorced from her.   That he married his second wife is amply proven, he testifying: "I am the husband of Mrs. Alice Burford (the mother of the prosecuting witness).   We have been married something like seventeen years.   I have six children, but one of them is by my first wife.   He is a boy twenty-one years old, living in the Indian Territory."   As the record clearly disclosed that appellant had been married prior to his marriage to the mother of the prosecuting witness, on another trial it should be made clear that at the time of his second marriage his first wife was dead, or the marriage had been annulled.   (McGrew v. State, 13 Texas Crim. App., 340.)   It might be said that the circumstances, admission of appellant, etc., are sufficient to establish this fact, but as the case will be reversed on other grounds, we call attention to it so this evidence may be made more full.

When the case was called for trial the appellant moved to continue on account of the absence of the present Mrs. Burford, who had been regularly summoned.   Some of the testimony he proposed to prove by this witness was material.   The State sought to avoid the force of the application by admitting if she was present she would testify as stated.   This is an insufficient admission.   The State must admit that the testimony is true, or the continuance should be granted.

The court charged the jury: "Where a female and a male are prohibited by law from carnally knowing each other, as given you in charge in paragraph 1 hereof, and the female should unite with

the male in having an incestuous intercourse, involuntarily and unwillingly, and only because of fear or intimidation unite with him in the commission of the carnal act, then in such instance the female would not be accomplice in law.'' The defendant requested a special instruction, which was refused, instructing the jury that the prosecuting witness was an accomplice, and before they would be authorized to convict they must find from the testimony other testimony tending to prove the act of carnal intercourse charged in the indictment. While it is true that the prosecuting witness testified that she submitted through fear at the time she says the act of intercourse took place on which this prosecution is based, yet if her testimony is to be accepted as true, the relations had existed for more than three years. Appellant had taken her to El Paso with him; had taken her to the Dallas fair; had taken her to Fort Worth, where they stopped at the Richelieu hotel, both occupying the same room, and at no time had she made an outcry. These facts, as she had voluntarily gone with appellant on these trips, would, where the course of conduct had lasted for such a great length of time, make her an accomplice in law, and the paragraph of the court's charge complained of should not have been given, but the jury should have been instructed that she was an accomplice, and her testimony must be corroborated in a way tending to connect defendant with the offense on the occasion alleged, for even though the evidence should show he had insectuous intercourse with her in Fort Worth, El Paso or Dallas, yet appellant could not be indicted, prosecuted and convicted of these offenses in Reeves county.

There are other grounds stated in the motion for new trial, but we do not deem it necessary to discuss them at this time. On account of the above error this judgment is reversed and the cause remanded.

*Reversed and remanded.*