## BURFORD v. STATE.

(Court of Criminal Appeals of Texas. Nov. 27, 1912.)

1. INCEST (§ 14*)—EVIDENCE—SUFFICIENCY.

Where accused, charged with incest with his stepdaughter, had been married prior to his marriage to the mother of prosecutrix, the state should clearly show that at the time of the second marriage his first wife was dead, or that the first marriage had been annulled.

[Ed. Note.—For other cases, see Incest, Cent. Dig. § 12; Dec. Dig. § 14.*]

2. CRIMINAL LAW (§ 600*)—CONTINUANCE—ABSENCE OF WITNESSES—ADMISSION BY STATE.

The state, to avoid a continuance on the ground of the absence of a witness for accused, must admit, not only that the absent witness would, if present, testify as stated, but must admit that the testimony is true.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1342–1347, 1604; Dec. Dig. § 600.*]

3. CRIMINAL LAW (§ 507*)—ACCOMPLICE—EVIDENCE—CORROBORATION.

Where, on a trial for incest, prosecutrix testified that she submitted through fear, but the evidence disclosed that the relations had existed for more than three years, and that she had voluntarily taken trips to other counties with accused, and had occupied the same room with him at hotels, without making any outcry, she was an accomplice, as a matter of law, and, to support a conviction, her testimony must be corroborated in a way tending to connect accused with the offense on the occasion alleged.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1082–1096, 1098; Dec. Dig. § 507.*]

Appeal from District Court, Reeves County; S. J. Isaacks, Judge.

W. H. Burford was convicted of incest, and he appeals. Reversed and remanded.

Gibson & Wilson, of Pecos, and J. E. Starley, of Barstow, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was indicted for incest, having carnal knowledge of his stepdaughter, Miss Willie Boyd.

[1] One of the serious questions raised in the case is that the record contains no proof that appellant's first wife was dead, or he had been divorced from her. That he married his second wife is amply proven, he testifying: "I am the husband of Mrs. Alice Burford [the mother of the prosecuting witness]. We have been married something like 17 years. I have six children, but one of them is by my first wife. He is a boy 21 years old, living in the Indian Territory." As the record clearly disclosed that appellant had been married prior to his marriage to the mother of the prosecuting witness, on another trial it should be made clear that at the time of his second marriage his first wife was dead, or the marriage had been annulled. McGrew v. State, 13 Tex. App. 342. It might be said that the circumstances, admission of appellant, etc., are sufficient to establish this fact; but, as the case will be reversed on other grounds, we call attention to it, so this evidence may be made more full.

[2] When the case was called for trial, the appellant moved to continue on account of the absence of the present Mrs. Burford, who had been regularly summoned. Some of the testimony he proposed to prove by this witness was material. The state sought to avoid the force of the application by admitting, if she was present, she would testify as stated. This is an insufficient admission. The state must admit that the testimony is true, or the continuance should be granted.

[3] The court charged the jury: "Where a female and a male are prohibited by law from carnally knowing each other, as given you in charge in paragraph 1 hereof, and the female should unite with the male in having an incestuous intercourse, involuntarily and unwillingly, and only because of fear or intimidation unite with him in the commission of the carnal act, then in such instance the female would not be an accomplice in law." The defendant requested a special instruction, which was refused, instructing the jury that the prosecuting witnesses was an accomplice, and before they would be authorized to convict they must find, from the testimony, other testimony tending to prove the act of carnal intercourse charged in the indictment. While it is true that the prosecuting witness testified that she submitted through fear at the time she says the act of intercourse took place on which this prosecution is based, yet, if her testimony is to be accepted as true, the relations had existed for more than three years. Appellant had

taken her to El Paso with him, had taken her to the Dallas fair, had taken her to Ft. Worth, where they stopped at the Richelieu hotel, both occupying the same room, and at no time had she made an outcry. These facts, as she had voluntarily gone with appellant on these trips, would, where the course of conduct had lasted for such great length of time, make her an accomplice in law, and the paragraph of the court's charge complained of should not have been given, but the jury should have been instructed that she was an accomplice, and her testimony must be corroborated in a way tending to connect defendant with the offense on the occasion alleged; for, even though the evidence should show he had incestuous intercourse with her in Ft. Worth, El Paso, or Dallas, yet appellant could not be indicted, prosecuted, and convicted of these offenses in Reeves county.

There are other grounds stated in the motion for new trial; but we do not deem it necessary to discuss them at this time. On account of the above errors, this judgment is reversed, and the cause remanded.