### J. B. Bohannon v. The State.

#### No. 5037. Decided June 28, 1918.

**1.—Incest—Accomplice—Charge of Court.**

Where, upon trial of incest, the evidence showed that the alleged female was an accomplice, the court should so have instructed the jury as a matter of law and should not have left this issue to the jury. Following Gillespie v. State, 49 Texas Crim. Rep., 530. Prendergast Judge, dissenting.

**2.—Same—Rule Stated—Accomplice—Corroboration.**

Even if the court was justified in submitting the issue of accomplice's testimony to the jury, yet the evidence failed to show sufficient corroboration of her testimony.

**3.—Same—Leading Question—Own Witness—Cross-examination.**

Where it was not shown that the witness was under constraint or otherwise within the exemptions which permit a party to cross-examine his own witness, there is nothing to bring the witness within the rule permitting leading questions. Prendergast, Judge, dissenting.

**4.—Same—Other Acts of Sexual Intercourse—Leading Questions.**

Where, upon trial of incest, testimony as to other acts of sexual intercourse should not have been admitted as tending to prove the act of intercourse upon which the prosecution was based, as this was not controverted, still it was admissible upon the question as to whether the alleged female was brought under the influence of fear of defendant to show that her submission to him was involuntary; however, leading questions in this connection were improper.

Appeal from the District Court of Baylor.    Tried below before the Hon. J. H. Milam.

Appeal from a conviction of incest; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*J. A. Wheat,* for appellant.—On question of accomplice: Burford v. State, 68 Texas Crim. Rep., 295, 151 S. W. Rep., 538, and cases cited in opinion.

On question of other acts of sexual intercourse: Gillespie v. State, 49 Texas Crim. Rep., 541, 93 S. W. Rep., 556, and cases cited in opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.—Cited cases in opinion.

MORROW, JUDGE.—Appellant was convicted of incest and his punishment assessed at ten years confinement in the State penitentiary.

The prosecutrix, Mrs. Sutton, daughter of appellant, testified appellant had sexual intercourse with her in July, 1915; that it occurred about 9 o'clock at night at their home, a residence of three rooms, two of which were bedrooms; that she was not occupying the room with appellant but was asleep on the porch when he came and woke her up and wanted her to come to his bed, which she did.    While she was on the witness stand she was examined in the absence of the jury, and the court, after learning the purport of her testimony, to which appellant objected, held it admissible, and upon recalling the jury she testified that she hated to tell it, but that appellant had not treated her as a father, and that one time when she was about sixteen years of age he threatened her life and split her dress with a knife because she would not give up to him, and that when she was about eighteen years of age "he taken his gun one time to kill me.    I knew he meant to kill me."    The district attorney then asked the following question:  "Now, at the time you testified to here, about the time you went in his room in July, 1915, state whether or not you did that because you were afraid of him?    A.    Yes, sir; I was afraid of him.    Q.    That is the reason you went to his bed every time?    A.    Yes, sir; it was."    Based upon this evidence the court refused to instruct the jury that the rule of accomplice testimony was to be applied to Mrs. Sutton, but told them that, in substance, she would be an accomplice if she had sexual intercourse with him "voluntarily and of her own free will without fear on

her part," and further told the jury that if there was any evidence of other acts of intercourse between said witness and appellant that it was admitted only upon the question as to whether she submitted thereto from fear produced by threats or bodily injury made by the appellant.

Dora Bohannon, sister of Mrs. Sutton, testified: "In July, 1915, I did hear something happen between my father and my sister. I heard a noise; I don't know what kind of racket it was. I heard him kinder whisper through his teeth. That was about 10 o'clock at night. I was in bed, and my father, J. B. Bohannon, was also in bed. At the time I heard this noise my sister was in my room. When he made the noise my sister went to his bed; then I heard the bed springs mashing or rattling. I don't know how long that lasted. I don't know whether they had intercourse or not." She said that she and her sister were sleeping in the same room, the north room, and the south room adjoining, the boys' room, was occupied by appellant. Only the home folks were there. She did not know whether her brother Walter was at home or not, and that her brother Bill was not. There were some little children sleeping with witness, some with her sister, and one boy sleeping with appellant upon a single bed. That she did not see her father, nor see her sister get up and leave the room, and did not know whether she did so or not.

At the time the alleged act of intercourse took place the prosecutrix was twenty-eight years of age. There were a number of other persons in the house, one sleeping in a single bed with her father. If she was sleeping on the porch and her father came to her and woke her up and she went to his bed, as she claims, the circumstances indicate that she was careful not to arouse the other members of the family. If, as her sister claims, she and prosecutrix were occupying the same room and appellant was in his own room and bed and made a noise, and responding to the noise the prosecutrix left the room which she and her sister were occupying and went to her father's room, the same precaution with reference to disturbing other members of the family or letting her purpose be known must have been taken. It is manifest that these circumstances were sufficient to require the court to instruct the jury as a matter of law that her testimony would not support a conviction unless corroborated. Pate v. State, 93 S. W. Rep., 556; Gillespie v. State, 49 Texas Crim. Rep., 541; Burford v. State, 68 Texas Crim. Rep., 541, 151 S. W. Rep., 538; Skidmore v. State, 57 Texas Crim. Rep., 497; Wadkins v. State, 58 Texas Crim. Rep., 111; Vernon's C. C. P., art. 801, and notes, p. 732: Wharton, Crim. Ev., sec. 441.

The State insists, however, that the evidence quoted above with reference to the previous conduct of the appellant towards the prosecutrix, and her testimony with reference to her fear of him, was such as to authorize the court to charge the jury as he did, that the rule of accomplice testimony would not apply if she submitted because of fear. Mr. Branch on this subject says: "A general statement of the prosecutrix that the accused had carnal knowledge of her without her consent, or

that she resisted, or that it was had through force, fear or threats, must be considered in connection with her other testimony and all the other facts in the case in determining whether or not her testimony given in behalf of the State is accomplice testimony, and if the proof shows that the act of intercourse alleged to be incestuous could not have occurred without her consent or that she did not oppose it, she is an accomplice witness." Mercer v. State, 17 Texas Crim. App., 452; Dodson v. State, 24 Texas Crim. App., 514; Coburn v. State, 36 Texas Crim. Rep., 257. In Burford v. State, 68 Texas Crim. Rep., 295, 151 S. W. Rep., 538, the court used the following language:

"While it is true that the prosecuting witness testified that she submitted through fear at the time she says the act of intercourse took place on which this prosecution is based, yet, if her testimony is to be accepted as true, the relations had existed for more than three years. Appellant had taken her to El Paso with him, had taken her to the Dallas fair, had taken her to Fort Worth, where they stopped at the Richelieu hotel, both occupying the same room, and at no time had she made an outcrp. These facts, as she had voluntarily gone with appellant on these trips, would, where the course of conduct had lasted for such great length of time, make her an accomplice in law, and the paragraph of the court's charge complained of should not have been given, but the jury should have been instructed that she was an accomplice, and her testimony must be corroborated in a way tending to connect defendant with the offense on the occasion alleged."

Considering her testimony, in connection with the other facts in the case showing her age and conduct, and the proximity of other persons, we believe the proof tends to show that the alleged act of intercourse could not have occurred without her consent, and that the court was not justified in authorizing the jury to determine that it was controlled by fear. If this be doubtful, it is clear that, taken in connection with the fact that the only testimony which would lead to the conclusion that her act was controlled by fear of appellant was, developed by a leading question detailed above, admitted over appellant's objection, that the charge complained of was not proper. At the time the prosecutrix was cross-examined by State's counsel and the damaging testimony quoted adduced through a leading question, the prosecutrix was a married woman thirty years of age, living with her husband in Van Zandt County, while the appellant resided in Knox or Baylor County. There is nothing to suggest that she was under constraint or otherwise within any of the exemptions which permit a party to cross-examine his own witness. We discern nothing to bring her within the rule permitting leading questions to a hostile, unwilling or reluctant witness. Branch's Ann. P. C., sec. 168.

Permitting the jury to determine whether Mrs. Sutton was an accomplice or not was necessarily prejudicial error under the record for the reason that, in connection therewith, the court instructed the jury that if they found her to be an accomplice corroboration was necessary to

sustain the conviction, and in our opinion there are not sufficient facts to comply with the law requiring corroboration. It is not clear that her sister testified to the same transaction that was detailed by the prosecutrix. This follows from the fact that the prosecutrix says that she was sleeping on the porch and her father came to her and woke her up and she then went to his bed. Her sister, the only corroborating witness, says that at the time it occurred she and the prosecutrix were occupying separate beds in the same room; that appellant was also in bed in his room, and that he made a noise, following which she heard the bed springs rattling in the manner described, and assumes that her sister went to his room, though the witness declares that she did not see her do so, did not see appellant, and does not know whether in fact she did go to the room occupied by her father. There are cases in which it has been decided that the fact that the court submitted to the jury the question as to whether a witness was or was not an accomplice, was not reversible error, even though the evidence was such as to justify a charge that he was an accomplice as a matter of law. In these cases it will be found that there were facts proved or in evidence which would have authorized the jury to have concluded that the witness, if an accomplice, was sufficiently corroborated. These cases are distinguishable from this one by reason of the fact that here if the jury determined that the prosecutrix was an accomplice, there is an absence of sufficient corroborating testimony to support the verdict. In other words, in this case if the jury determined, in response to the charge, that the prosecutrix was not an accomplice, their finding could be supported alone upon evidence which was illegally admitted. If they found that she was an accomplice, the verdict could not stand because the evidence of corroboration was insufficient.

Appellant insists that in so far as the evidence tends to show other acts of intercourse that it was improperly admitted. Upon the admissibility of such testimony the writer is not disposed to disagree with the statement made by Judge Ramsey in Skidmore v. State, 57 Texas Crim. Rep., 502, wherein he says that such testimony should be rejected "unless so related in point of time it would throw some light on or tend to explain or corroborate the particular act relied upon." In other words, other acts of intercourse or circumstances showing familiarity between the parties in the trial of sexual crimes should be received when relevant to some controverted issue in the case. Bradshaw v. State, 82 Texas Crim. Rep., 351, 198 S. W. Rep., 942.

As the record is presented, Mrs. Sutton testified to an act of intercourse with appellant, giving the time and the place and the circumstance. There was no evidence introduced to controvert its truth. There was no cross-examination of Mrs. Sutton; no evidence whatever introduced by appellant, and it can not be said that her testimony as to the act upon which the prosecution is founded was controverted. Her own testimony as to previous acts could not of itself be used to corroborate her testimony. The learned trial judge, however, does not

seem to have been of the opinion that other acts of intercourse were relevant in this case except in so far as they may have tended to show that the prosecutrix was so brought under the influence or subject to the fear of appellant as to render her submission to him involuntary and to relieve her testimony of the impediment relating to accomplice testimony. Upon this issue we think such evidence would not be inadmissible. We think the leading manner in which it was sought to be introduced was subject to just objection, and there were not sufficient facts upon the subject developed to support her conclusion or statement that her act was the result of fear. It is possible upon another trial this phase of the case may be differently presented and supplemented by additional facts.

The errors pointed out require a reversal of the judgment of the lower court, which is accordingly so ordered.

*Reversed and remanded.*

PRENDERGAST, JUDGE (dissenting).—The majority opinion herein holding that the lower court was wrong in submitting to the jury the question of whether or not the complaining witness, Mrs. Sutton, the daughter of appellant, was an accomplice, and in holding that the court should have taken the question away from the jury and peremptorily instructed that she was an accomplice, is clearly wrong. The former holding of this court in numerous cases, and down to the present time, has been the reverse of the holding of the majority in this case.

Mrs. Sutton, appellant's own daughter, testified that he had sexual intercourse with her in July, 1915, the date was fixed at about July 8th. She testified: "Before my father had sexual intercourse with me in July, 1915, he had made threats to me; I hate to tell it, but he never has been a father to me; he taken a knife and split down my dress because I wouldn't give up to him, then he taken his gun one time to kill me; I knew he meant to kill me. At the time I testified about I went in his room in July, I did that bcause I was afraid of him, that is the reason I went to his bed every time. When I went to his bed he had intercourse with me just as though I was his wife, forced me to."

In Zollicoffer v. State, 16 Texas Crim. App., 317, one Green, as is stated, was "unquestionably an accomplice"; he was indicted for the same offense and turned State's evidence in order to avoid being prosecuted himself. The court in that case, under that state of fact, submitted the question to the jury to decide whether he was an accomplice and if he was he had to be corroborated. The appellant therein contended that that charge was error and that the court should have expressly told the jury that he was an accomplice and had to be corroborated. The court held: "It is insisted by appellant that the court erred in submitting to the jury the question as to whether or not the witness Green was an accomplice; that the court should have directly charged the jury that he was an accomplice the evidence being so conclusive of that fact. Whilst it would not, under some facts, be improper

for the court in its charge to assume, and to instruct the jury that a witness is an accomplice (Williams v. State, 42 Texas, 368; Barrera v. State, id., 260), still we do not think it is error to submit the question to the jury. It has been the practice in such cases to submit this issue to the jury, and, believing the practice to be a safe and proper one, and in harmony with the spirit of our system of procedure, we are not disposed to change it."

In Williams v. State, 33 Texas Crim. Rep., 128, it was complained that the court in that case erred in not instructing the jury that Mrs. Humphreys was an accomplice. The court said that "if the criminal connection with the unlawful act is an admitted fact, the court may charge that the party so connected is an accomplice, and should be corroborated. If, however, there is any question about it, then it should be left to the jury to say whether the witness is an accomplice." The court therein referred to quoted from and approved the holding in the Zollicoffer case, supra, and cited other cases to the same effect.

In Armstrong v. State, 33 Texas Crim. Rep., 417, Judge Hurt held: "If there be an issue raised by the evidence whether a witness be an accomplice or not, in such a case the court should leave the issue to be decided by the jury under proper instructions." To exactly the same effect are the cases of White v. State, 30 Texas Crim. App., 652; Elizando v. State, 31 Texas Crim. Rep., 237; Freeman v. State, 11 Texas Crim. App., 92; Rios v. State, 48 S. W. Rep., 505; McGrew v. State, 31 Texas Crim. Rep., 336; Lockhart v. State, 29 Texas Crim. App., 35; Hankins v. State, 47 S. W. Rep., 992; Martin v. State, 38 Texas Crim. Rep., 462.

In Creech v. State, 70 Texas Crim. Rep., 229, this court in discussing said question, held that where there was no doubt and the proof was certain that any witness was an accomplice the court should so tell the jury, and held: "But even where that is the case, as said by Judge White in section 1000 in his Criminal Procedure, 'Where a charge on accomplice testimony announces the rule with regard to such testimony, as provided in approved forms which are well established, it is sufficient, though the jury are not told in so many words, that any particular witness who has testified in the case is an accomplice. McGrew v. State, 31 Texas Crim. Rep., 336; Lockhart v. State, 29 Texas Crim. App., 35; Hankins v. State, 47 S. W. Rep., 992; Martin v. State, 38 Texas Crim. Rep., 462.' So Mr. Branch in his Criminal Law, section 320, page 183, says: 'It is not error to leave it to the jury to say whether a witness is an accomplice, though such fact be apparent. Dill v. State, 28 S. W. Rep., 950; Carroll v. State, 62 S. W. Rep., 1061; Ransom v. State, 49 S. W. Rep., 582; Zollicoffer v. State, 16 Texas Crim. App., 312; Hankins v. State, 47 S. W. Rep., 992.'" Other decisions even later could be cited holding the same thing but it is unnecessary.

Judge White in his Ann. C. C. P., sec. 992, sub. 5, lays down unquestionably the true principle in this matter, saying: "In incest, where the evidence tends strongly to show that the female knowingly, volun-·

tarily, and with the same intent which actuated the defendant, united with him in the commission of the offense, she is an accomplice. On the other hand, if she was the victim of force, threats or fraud, or undue influence, so that she did not act voluntarily, nor join in the commission of the act with the same intent that actuated the accused, she is not an accomplice. Mercer v. State, 17 Texas Crim. App., 452; Stewart v. State, 35 Texas Crim. Rep., 174; Tipton v. State, 30 Texas Crim. App., 530; Schoenfeldt v. State, 30 Texas Crim. App., 695; Blanchette v. State, 29 Texas Crim. App., 46; Dodson v. State, 24 Texas Crim. App., 514; Freeman v. State, 11 Texas Crim. App., 92. See Jones v. State, 23 Texas Crim. App., 501."

The statute just as plainly and clearly makes it incest of the daughter to have sexual intercourse with her father as of the father to have intercourse with the daughter. In other words, if the act is voluntary and with the same intent committed by the father and daughter the daughter is a principal precisely the same as the father and she could be indicted, prosecuted and convicted of incest under those circumstances just as well as her father could be. P. C., arts. 486 and 488. Suppose in this instance this daughter of appellant, Mrs. Sutton, had been indicted for incest instead of her father, or in addition to her father, and she had been on trial and had testified exactly the same in her own case as she testified in this case against her father, there can be no sort of doubt that the lower court under such circumstances could not legally have charged that from her testimony alone she was guilty of incest with her father and require the jury to convict her. This court, and every member of it, under such circumstances, upon proper objections by her to such charge, would unquestionably hold it was reversible error for the court to so charge. If the court in that instance would have no right to take the question away from the jury and to peremptorily instruct the jury that she was guilty of incest and to so convict her, neither can the court when the father was on trial take the question away from the jury and tell them she was guilty of incest, which the court by the opinion herein, if it prevails, will actually do.

Appellant's bill objecting to what he claims was leading questions to Mrs. Sutton, is wholly insufficient under all of the decisions of this court. In section 159, 1 Branch's Ann. P. C., he lays down a correct proposition and cites many cases of this court so holding, towit: "A bill of exceptions taken because of leading questions must affirmatively exclude any idea that under the peculiar circumstances of the particular case the court was justified in permitting the State to ask leading questions and if it does not do so no error is shown."

And on page 90 he lays down this further correct principle, citing many authorities of this court so holding, towit: "Permitting a leading question improperly will not be reversible error in the absence of a showing of prejudice thereby." Cases by the score decided by this court in addition to those cited by Mr. Branch could be collated. Both these propositions are unquestionably the law of this State, or at least

have been up to now, and should be adhered to. They are both particularly applicable to the bill and to the questions in this case. No case, and particularly this one, should be reversed because a leading question is asked. To do so, in my opinion, is inexcusable. It is to ignore and abandon the real substance, and wrongfully go off after a mere imaginary shadow.

The testimony of the two sisters, which was all of the testimony in this case, wherein Mrs. Sutton says that the appellant called her to his bed at said time, and had intercourse with her—"forced her to," and the testimony of her sister, Miss Bohannon, to the effect, even as stated by the prevailing opinion herein, unquestionably referred to the same transaction and no other. So that if the jury had even decided under the correct charge given to them by the court that Mrs. Sutton was an accomplice of her father, then undoubtedly she was corroborated by her sister in the testimony she gave. The testimony of the two sisters did not refer, and could not reasonably be construed to refer, to different transactions but to the same identical transaction.

This case was undoubtedly tried without any reversible error having been committed. The proof is absolutely convincing and true that appellant had sexual intercourse with his daughter on the occasion she testified he did, and she was fully and completely corroborated by her sister, Miss Bohannon as shown. This case should not be reversed but should be affirmed.