Earl Cottrell v. The State.

                        No. 6516.    Decided April 26, 1922.

**Incest—Accomplice—Corroboration—Insufficiency of the Evidence.**

Where, upon trial of incest, the evidence offered by the State for the purpose of corroborating the testimony of prosecutrix is entirely insufficient to meet the requirements of the law, the judgment must be reversed and the cause remanded. Following Skidmore v. State, 67 Texas Crim. Rep., 497, and other cases.

Appeal from the District Court of Comanche. Tried below before the Honorable J. R. McClellan.

Appeal from a conviction of incest; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Goodson & Nabors,* for appellant.—Cited Bradshaw v. State, 198 S. W. Rep., 942; Jordan v. State, 128 id., 139, and cases cited in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, Judge.—Conviction is for incest, punishment being assessed at confinement in the penitenitary for five years.

Many questions are presented in the record, but the Assistant

Attorney. General has conceded that the evidence offered by the State for the purpose of corroborating the testimony of prosecutrix is entirely insufficient to meet the requirement of the law in that particular, and our examination of the statement of facts leads us to the conclusion that he is correct in his concession, therefore this is the only matter we will consider in our opinion.

The alleged injured female is Floy Cottrell, a niece of appellant. She testified to many acts of intercourse with appellant extending over quite a period of time. During 1920 she was attending school of which one Dean Collins was the teacher. She says that upon one occasion appellant came by the school house and requested her to go to her grandfather's with him, and that she asked permission of the teacher to leave school for that purpose; that when they arrived at her grandfather's no one was at home and that an act of intercourse with appellant occurred at her grandfather's at this time. This act of intercourse was the one elected by the State upon which to prosecute. There is no semblance of corroborating evidence in the record relative to any other act of intercourse claimed by her to have occurred between her and appellant, and the only evidence in the record relative to the one in question is that of her teacher, Dean Collins. He does not pretend to know anything about what occurred after they left the school ground, nor where they went. He does testify that during the school term of 1920 he saw appellant at the school grounds on one occasion, but never saw him and prosecutrix in conversation, but remembers that prosecutrix requested permission to be excused from school and that she went away with appellant.

The mere statement of the purported corroborating evidence is sufficient to show that it does not in any degree tend to show an act of intercourse between prosecutrix and appellant upon the occasion in question. Where prosecutrix voluntarily engages in incestuous intercourse with accused she is an accomplice, and before conviction can be upheld it is absolutely essential that she be corroborated by some evidence tending to connect the accused with the offense charged against him. Mercer v. State, 17 Texas Crim. App. 452; Skidmore v. State, 57 Texas Crim. Rep. 497. For many other authorities collated upon the same subject see Section 1030, page 588, Branch's Anno. Pen. Code.

The judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*