## John Weber v. The State.

### No. 7902.    Decided November 28, 1923.

**1.—Incest—Accomplice—Prosecutrix—Rule Stated.**

It is well settled in this State, that in incest cases if the prosecutrix does not make resistance to the incestuous intercourse, she is regarded as an accomplice witness, even though she may not have engaged in the act voluntarily, and with the same intent as actuated the accused. Following Gillespie v. State, 49 Texas Crim. Rep., 531, and other cases.

**2.—Same—Accomplice—Daughter of Appellant.**

Applying this principle of law to the testimony of the daughter of appellant in the instant case the court must conclude that she was an accomplice, and the record not showing sufficient corroboration of her testimony, the judgment must be reversed and the cause remanded.

Appeal from the District Court of Gillespie. Tried below before the Honorable J. H. McLean.

Appeal from a conviction of incest; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*W. C. Linden, Herman Usener,* and *H. H. Sagebiel,* for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State. Cited, cases in opinion.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Gillespie County of incest, and his punishment fixed at three years in the penitentiary.

As we view the record in this case but one question. needs to be discussed, to-wit: the lack of testimony corroborating the accomplice. Appellant was convicted of incest with his daughter, a woman thirty-four years old at the time of the trial and over thirty years old at the date of the alleged commission of the offense. She testified that her father had intercourse with her at their home while the rest of the family were away and that from his acts conception resulted terminating in the birth of her child. It is well settled in this State that in incest cases if the prosecutrix does not make resistance to the incestuous intercourse she is regarded as an accomplice witness even though she may not have engaged in the act voluntarily and with the same intent as actuated the accused. Tate v. State, 77 S. W. Rep., 793; Pate v. State, 93 S. W. Rep., 556; Gillespie v. State, 49 Texas Crim. Rep., 531; Burford v. State, 68 Texas Crim. Rep., 295, 151 S. W. Rep., 538. Applying this principle of law to the testimony of the daughter of appellant, we must conclude that she was an accomplice. Examining the record to see what appears to corroborate her, we observe that it is shown that in May 1921, she gave birth to a child. No person aside from prosecutrix herself testifies to any statement or fact from which the paternity of the child can be ascribed to appellant. Two witnesses testified that as far as they knew prosecutrix did not keep company or go with any men. It was shown that she had a brother eighteen or nineteen years old, and that she went to places where presumably other men were. We have carefully examined the testimony, which is very short, to see if there be any other criminating fact given by any witness aside from the accomplice and are unable to find same. We are compelled to conclude the evidence offered to corroborate the accomplice, insufficient in law for that purpose.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*