## Am Jones v. The State.

### No. 8626. Decided June 11, 1924.

**Incest—Corroboration—Prosecutrix—Insufficiency of Evidence.**

Where, upon trial of incest, the evidence was insufficient to corroborate the prosecutrix, the judgment must be reversed and the cause remanded.

Appeal from the District Court of Fayette. Tried below before the Honorable M. C. Jeffrey.

Appeal from a conviction of incest; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*Charles Nesrsta, George Willrich,* for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Fayette County of incest, and his punishment fixed at ten years in the penitentiary.

Appellant's daughter testified against him setting forth fully the fact that he had been guilty of carnally knowing her and that from that intercourse a child was born about seven months later. A physician testified to the fact that said girl gave birth to a child which was born dead and appeared to be of about seven months development. There was some testimony to the effect that subsequent to the filing of a complaint against appellant and for several months thereafter, he could not be found in the neighborhood in which he lived. It appears, however, that he voluntarily surrendered himself to the officers on the occasion of his arrest. This constitutes the State's case, except that in rebuttal the State introduced a sister of the prosecuting witness who testified that in May 1923 and during the pregnancy of the prosecutrix she told witness that appellant was the cause of her trouble.

There seems need for the discussion of but one question, viz: the complaint of lack of corroboration of prosecutrix. As we understand the record it is wholly devoid of any testimony of a corroborative character. Proof that the prosecutrix told her sister that appellant was the cause of her trouble, could not measure up to the standard of corroborative testimony. The law plainly is that the accomplice cannot corroborate herself by any statement made by her in or out of court. The only other circumstances in evidence at all is that appellant was not found by the officers who sought to arrest him.

Appellant told witnesses who state that fact, that he was afraid for some reason of a certain man and that this man would kill him. Appellant himself testified that he went out to El Paso to visit his son and stayed with him some time. As we view the matter, the absence of appellant does not supply the testimony necessary to effect corroboration. The learned trial judge told the jury that prosecutrix was an accomplice and that they could not convict unless they found in the evidence testimony other than that of the prosecutrix which of itself tended to connect appellant with the commission of the offense. This was correct.

Being unable to find in the record any testimony measuring up to the legal standard laid down by the trial judge, we are compelled to direct a reversal of this case. See Weber v. State, 96 Texas Crim. Rep., 80, 256 S. W. Rep., 597.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*