ARTHUR MASTEN v. THE STATE.

No. 8758.   Delivered April 22, 1925.

1.—Incest—Evidence—Not Relevant—Erroneously Admitted.

Where, on a trial for incest, it was error for the court to permit the prosecutrix to testify as to the details of her sickness at the time the baby was born, claimed as a result of the incestuous intercourse with the appellant, such testimony shed no light on the guilt or innocence of the appellant, and could not do otherwise than prejudice the jury against him.

2.—Same—Evidence—Inadmissible.

It was also error, for the reasons above stated, to permit the prosecutrix in this case to testify that her hair came out, after her baby was born, and that she did not have her hair at the time of the trial.

3.—Same—Evidence—Inadmissible.

It was further erroneous on this trial to permit the father of prosecutrix to testify as to her mental condition, prior to and subsequent to the birth of her baby, and also as to her physical suffering resulting from said childbirth. Under no theory presented by the state, nor rule decided by any case in this state was this testimony admissible.

4.—Same—Evidence—Same as Above.

Testimony of the physician and of the mother of prosecutrix as to her mental condition and physical suffering was improperly admitted, not being material to any issue in the case. In every case, regardless of the parties involved and regardless of the nature of the charge, the appellant is entitled

to have the case presented on legal and competent testimony that is relevant, and germane to the issues involved, and this court does not speculate as to the harmful character of testimony of this kind.

**5.—Same—Argument—When Unwarranted—Necessitates Reversal.**

In a case of this character for prosecuting attorney in his argument to state "John Henard is to be commended for bringing this case into court, instead of taking the law into his own hands, as you, gentlemen of the jury, or I would have done," was highly inflammatory, and no doubt contributed to the assessing of the maximum penalty, and would alone necessitate a reversal of this case. Following Stanchel v. State, 89 Tex. Crim. Rep. 358. 231 S. W. 120.

**6.—Same—Accomplice—Charge of Court.**

It seems to be the settled law of this state, that on the trial of an incest case, the testimony of the prosecutrix given in behalf of the state, must be regarded as coming from an accomplice witness,. if she did not make resistance to the incestuous intercourse, although she may not have engaged in the act voluntarily, and with the same intent as the accused. See Branch's P. C. Sec. 1030, Following Pate v. State, and other cases cited.

**7.—Same—Approved Charge—Practice—In Trial Court.**

In the case of Anderson v. State, 95 Tex. Crim. Rep. 253 will be found a full discussion of the authorities touching the proper charge to be given in cases of this character.

Appeal from the District Court of Cooke County. Tried below before the Hon. C. R. Pearman, Judge.

Appeal from a conviction of incest; penalty, ten years in the penitentiary.

The opinion states the case.

*Garnett & Garnett, Culp, Culp & Culp* and *F. E. Wankan* and *J. T. Adams*, of Gainsville, and *Sullivan Speer & Minor*, of Denton, for appellant.

*Tom Garrard, State's* Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the district court of Cooke county for the offense of incest and his punishment assessed at confinement in the penitentiary for the maximum penalty of ten years.

The Statement of Facts covers more than two hundred pages, and the transcript is indeed very voluminous. There is a great deal of testimony in the record that borders very closely indeed on the immaterial. There are many objections and exceptions preserved in the record, both to the introduction of testimony and to the other matters occurring on the trial, but we do not deem it necessary to consider each of these in detail.

The appellant is the uncle of Laura Bell Henard, the alleged injured party. The prosecutrix was nearly eighteen years of age at the time the alleged act of incestuous intercourse took place. She testified that she went home with her uncle, who was a married man living with his wife a few miles from the home of prosecutrix's father and mother, and that upon arriving at appellant's home he had one act of intercourse with her, and that this was the only time in her life, either before or since, that she had ever indulged in intercourse, and she testified further that from that one act a baby was born to her about nine months later. The record further shows that while she claimed that this was done without her consent, yet she did not divulge it to any one from the time of the act until the birth of the baby. She gave as her excuse for failing to do so the fact that appellant told her while engaged in the act that if she told it he would kill her and her father.

Bill of Exception No. 14 complains of the action of the trial court in permitting the prosecutrix to testify as to the details of her sickness and suffering at the time the baby was born. We think this objection is well taken and that the testimony shed no light on the guilt or innocence of the appellant and could not do otherwise than prejudice the jury against him.

By bill No. 17 appellant complains of the action of the court in permitting the State to prove by the prosecutrix that her hair came out after her baby was born and that she did not have her hair now. This testimony is so clearly inadmissible as to make comment unnecessary.

Bill No. 19 complain of the action of the court in permitting the father of prosecutrix to testify as to the disposition of the prosecutrix with reference to whether she was cheerful, sunny, happy or morose prior to the time of the alleged offense and since said time and since the birth of her child, and to also testify as to how long she was ill and the extent of her illness at the time her baby was born and since. This witness in response to interrogatories along this line testified that before the time of the alleged act the prosecutrix was cheerful, sunny, and as full of life as she could be, and that since that time she does not have anything to say, sits around, and when anybody comes she will get up and go in another room by herself. He was also permitted to testify that when her baby was born she was unconsious for several days and nights, did not know anything, and that she broke out all over with some kind of breaking out, and that after that she just peeled off all over, and that he had seen her pull a piece of hide off her hand and bottom of her feet that big (indicating) and that her hair every bit came out, and that she does not remember things as well as she used to. Under

no theory presented by the State and under no theory decided by and case in this State was this testimony admissible. Its prejudicial effect on the defendant is manifest.

What has just been said with reference to bills 14, 17 and. 19 applies with equal force to bills 21, 22 and 23. This testimony did not in any manner serve to corroborate or substantiate the prosecutrix's story that the defendant had intercourse with her, and this was the inquiry under investigation. It did not prove or tend to prove any issue in the case, and the only effect that it could have had on the minds of the jury was to inflame and prejudice them against the defendant on trial. In every case, regardless of the parties involved and regardless of the nature of the charge, the appellant is entitled to have the case presented on legal and competent testimony that is relevant and germane to the issues involved in the accusation against him, and this court does not speculate as to the harmful character of testimony of this kind.

Complaint is also made by bills 28, 29 and 30 of the argument of the county attorney and of the two private prosecutors in the case. The argument of the county attorney goes too far, and this is especially true of the following statement:

"John Henard is to be commended for bringing this case into court instead of taking the law into his own hands as you, gentlemen of the jury, or I would have done."

Under the guise of earnest and impassionate debate in behalf of law enforcement counsel will not be permitted to say, by unmistakable inference or otherwise, that in his opinion the party on trial is so clearly guilty that had counsel been in the place of the father of the prosecutrix he would have visited summary punishment upon the defendant. Under this sort of an argument, considering the nature of the charge against the appellant, it would have been little less than remarkable if appellant had not suffered the extreme penalty at the hands of the jury. Stanchel v. State, 89 Tex. C. R. 358, 231 S. W. 120.

The argument of the two private prosecutors will doubtless not be repeated in the same form on another trial.

Various assignments are found in the record attacking the court's charge on accomplice testimony and also complaining of the court's failure to give certain requested charges on this branch of the case. Without considering these matters in detail, it may be sufficient to say that it seems to be the settled law of this State that on the trial of an incest case the testimony of the prosecutrix given in behalf of the State must be regarded as coming from an accomplice witness, if she did not make resistance to the incestuous intercourse, although she may not have engaged in the act voluntarily and with the same

intent as the accused. Branch's Penal Code, Sec. 1030; Pate v. State, 93 S. W. 556; Gillespie v. State, 49 Tex. C. R. 531, 93 S. W. 556; Burford v. State, 151 S. W. 538. The correct principle is also stated as follows: ''The general statement of the prosecutrix that the accused had carnal knowledge of her without her consent, or that she resisted, or that it was had through force, fear or threats, must be considered in connection with her other testimony and all of the other facts in the case in determining whether or not her testimony given in behalf of the State is accomplice testimony; and if the proof shows that the act of intercourse alleged to be incestuous could not have occurred without her consent, or that she did not oppose it, she is an accomplice witness.'' Mercer v. State, 17 App. 465; Dodson v. State, 24 App. 514; Coburn v. State, 36 T. C. R. 258; Burford v. State, 151 S. W. 538.

Without discussing the charge in detail, we call the attention of the trial court to those general principles and suggest that they be followed in the event of another trial.

Complaint is also made of the language used in applying the principle of accomplice testimony to Laura Bell Henard. In this connection we call the attention of the court to the case of Anderson v. State, 95 Tex. C. R. 353, where a full discussion of the character touching the proper charge to be given in cases of this character will be found.

We fail to discuss appellant's objections to paragraph 7 of the court's charge, as this matter is hardly sufficient to require a reversal of the case.

From what has been said above it necessarily follows that we do not think that the appellant has had a fair and impartial trial in this case.

For the errors above discussed, it is our opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.