ROBERT TINDALL v. THE STATE.

No. 14555. Delivered November 25, 1931.

The opinion states the case.

*Jack Varner,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for incest; punishment, eight years in the penitentiary.

Appellant was convicted for incest with his sixteen year old daughter, who was the state's only witness. Her mother was dead, and she was the oldest child, there being several younger children. Appellant introduced such of his younger children as appeared old enough to testify, and they agreed in their statements that they had never observed anything out of the way between him and prosecutrix. He also introduced a number of his neighbors who testified to his good reputation, and some evidence was introduced tending to reflect upon the girl in her attitude toward young men.

The court submitted to the jury the question, as an issue of fact, as to whether prosecutrix was an accomplice, telling them that if they so found, she would have to be corroborated, and if not corroborated, that appellant should be found not guilty. We observe at this point that there is not a particle of testimony in the record corroborating prosecutrix. She testified to two acts of intercourse with appellant. She said that he came to her room, apparently in the daytime, and that he talked to her and persuaded her into having intercourse with him. She stated the persuasion that he used, saying that he promised to buy her some new clothes out of the money which he would get for his crop. This seems to be the only persuasion used. She further stated that he had intercourse with her the day before this act, and that he used the same persuasion at said former time. Cross-examined by appellant, who represented himself, she said he never had struck her, nor bruised her, nor used any force to her, nor compelled her to submit to him, and that he had done nothing except persuade her.

This appellant may be guilty of this henious offense, but it would be, if anything, a worse offense to permit the conviction to stand unless it was obtained in conformity with law. In our judgment the prosecutrix in this case was an accomplice as a matter of law, and the conviction could not be sustained in the absence of some testimony corroborating her claims. As supporting our view see Bradshaw v. State, 82 Texas Crim. Rep., 351, 198 S. W., 942; Bohannon v. State, 84 Texas Crim. Rep., 8, 204 S. W., 1165; Wingo v. State, 85 Texas Crim. Rep., 118, 210 S. W., 547; Cottrell v. State, 91 Texas Crim. Rep., 506, 240 S. W., 313; Weber v. State, 96 Texas Crim. Rep., 80, 256 S. W., 597; Jones v. State, 97 Texas Crim. Rep., 559, 263 S. W., 288; Masten v. State, 100 Texas Crim. Rep., 30, 271 S. W., 920.

In the case of Freeman v. State, 11 Texas App., 92, 40 Am. Rep., 787, a twelve year old girl spent the night in an outhouse with her stepfather, and testified that he had intercourse with her twice. She said that she did not want him to do this, and that it hurt her very much. The

case was reversed for lack of a proper charge on accomplice testimony, the holding being tantamount to saying that if there was no corroborative evidence, the conviction could not stand. In Mercer v. State, 17 Texas App., 452, we held that notwithstanding the daughter of appellant said she did not consent to the intercourse, the evidence showing that she made neither outcry nor resistance, although others were near by, she was an accomplice.

In the charge of the court he told the jury that if they believed appellant had intercourse with his daughter, and that she at the time was the victim of force, threats, fraud, or undue influence, that she would not be an accomplice. There is no sort of question but that the testimony shows her not to be the victim of force, threats or fraud, and the only thing left, under this charge of the court, would be the question as to whether she was the victim of "undue influence". This would be the only proposition upon which a jury might have predicated a finding that she was not an accomplice. It would be impossible to lay down any hard and fast definition of undue influence, which would hold good in all cases, and each case in which this question might arise, must stand or fall on its own facts. To say that one who was offered money or property or gifts to submit,—and who did submit only upon such inducement,—was the victim of undue influence so as to remove her from the domain of an accomplice, would, in our judgment, go beyond what should be the rule in such cases. A woman whose consent to an act of intercourse is obtained by the payment or promise of money would ordinarily be held an accomplice. The prosecutrix in this case was nearly seventeen years old. She says she submitted on two occasions to her father upon his promise to get her some new clothes. We do not think a jury would be warranted in concluding, under these facts, that she was the victim of undue influence.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*