### Sam Smith v. The State.

#### No. 3250. Decided March 15, 1905.

**1.  Robbery—Evidence—Testimony of Absent Witness.**

Where the State offered and introduced in evidence the testimony of the stenographer to reproduce the testimony of an absent witness on a former trial over the objection of the defendant who was being tried for robbery, and the predicate for the introduction of such testimony was that the absent witness had stated to a State's witness he was going back to North Carolina and that he had left him, and that a subpœna had been returned not found by the sheriff.  Held that no proper predicate was laid, and further even if a proper predicate had been laid the testimony was clearly inadmissible.  Following Cline v. State, 36 Texas Crim. Rep., 320.  Reviewing Sullivan v. State, 6 Texas Crim. App., 319 (since overruled) ; Evans v. State, 12 Texas Crim. App., 370 ; Martinez v. State, 26 Texas Crim. App., 91 ; Pinkney v. State, 12 Texas Crim. App., 352 ; Menges v. State, 21 Texas Crim. App., 413 ; Steagald v. State, 22 Texas Crim. App., 464.  Brooks, Judge, dissenting to opinion in Cline case.

Appeal from the District Court of Jefferson.  Tried below before Hon. A. T. Watts.

Appeal from a conviction of robbery; penalty, ten years imprisonment in the penitentiary.

No statement necessary.

No brief of appellant has reached the hands of the reporter.

*Howard Martin,* Assistant Attorney-General, for appellant.

DAVIDSON, Presiding Judge.—Conviction of robbery, ten years in the penitentiary being fixed as the punishment.

During the trial, the State offered the stenographer who took down the testimony of John Walker on the former trial.  When the stenographer was offered as a witness to reproduce the testimony of John Walker, several grounds of objections were urged.  As a predicate for the introduction of this testimony, the State introduced Pollnizz, who stated that he and John Walker had been working together in Jefferson County; that Walker left him sometime prior to the second trial, stating he was going back to North Carolina; that Walker had informed him he had worked in Louisiana, Texas, and different places, but that he intended to return to North Carolina.  Subpœna was also introduced, which had been issued for Walker, and return of the sheriff.  Objection was urged to all this.  These objections should have been sustained.  There is no authority in this State which justifies such testimony as a predicate for the reproduction of the testimony of an absent witness.  In Sullivan v. State, 6 Texas Crim. App., 319, the testimony of an absent witness was sought to be reproduced.  In that case, as a predicate for the introduction of the testimony of an alleged absent witness, the State proved by Smead, that the absent witness Dean came from Boston, Mass., stayed some six months, and then

left Texas; that he (Smead) had written to the postmaster at Marion, Mass., inquiring for Dean, and had received a reply that he was in Boston, Mass. The court held this was not sufficient predicate. In Pinkney's case, 12 Texas Crim. App., 352, it was held that a sufficient predicate was not shown. In that case it was not known where the absent witness was; attachments for him had been issued to several counties, and returned "not found"; that he appeared to be a railroad hand, with no permanent place of abode; and the State had no reasonable expectation of ever being able to procure his attendance. An oath is a prerequisite to a proper predicate. No witness in this case undertook to swear to the absence of the witness from the State. Pollnizz stated witness said he was going to leave the State; and this is the only sworn testimony in regard to the matter. The return of the sheriff on the subpœna was not an oath, nor equivalent to an oath. The bill shows that the sheriff was in court, but was not used as a witness. While the court reversed the judgment in the Sullivan case, supra, on the predicate already referred to, still they went farther than they have ever gone in any other reported case, in prescribing the rule for the laying of such predicate. However, that case was expressly overruled in Evans v. State, 12 Texas Crim. App., 370. In the Evans case, the court uses this language: "We are aware that in the case of Sullivan v. State, 6 Texas Crim. App., 319, it was held by this court that the testimony of a witness taken before an examining court might on any subsequent trial of the accused for the same offense, be introduced provided that after diligent inquiry, the witness could not be found or his whereabouts ascertained. This is doubtless correct at common law; but after much consideration, we conclude it is not the correct rule under our statute. We are therefore constrained to overrule the opinion in Sullivan v. State, in so far as it makes testimony of this character admissible under circumstances not expressly provided for in the statute." They further said: "It will be perceived that this statute (referring to article 772, Code Criminal Procedure) is restrictive of the common law, and confines this character of testimony within narrower limits." That statute only permits the introduction of depositions. In Martinez v. State, 26 Texas Crim. App., 91, it was said: "It has already been held by this court to render such testimony admissible, a predicate must be clearly and satisfactorily established in conformity with the statute." Citing Sullivan's case; Evan's case; Pinkney's case, supra; Menges v. State, 21 Texas Crim. App., 413; Steagald v. State, 22 Texas Crim. App., 364. There is no authority in Texas justifying the introduction of the testimony in the case at bar on the predicate laid.

The further question is raised, even if proper predicate had been laid, the testimony was inadmissible. This contention is correct. Since the rendition of the Cline case, 36 Texas Crim. Rep., 320, this question has been definitely settled. That case has been followed in an unbroken line since its rendition. It is not necessary to go into a dis-

cussion of the question as it was fully reviewed in the Cline case and adhered to since.

For both reasons—that is, because no predicate was laid, and because if a proper predicate had been laid, the testimony is clearly inadmissible, —the judgment is reversed and the cause remanded.

*Reversed and remanded.*

BROOKS, JUDGE.—I do not agree to the opinion in the Cline case but agree to other propositions discussed in this opinion.