### GEORGE PRIDEMORE v. THE STATE.

#### No. 309.   Decided June 15, 1910.

**1.—Incest—Evidence—Other Acts of Intercourse.**

Where, upon trial of incest, the prosecutrix had testified to the distinct and actual intercourse at a certain time and place, proof of either prior or subsequent acts of sexual intercourse between defendant and prosecutrix were inadmissible. Ramsey, Judge, dissenting.

**2.—Same—Rule Stated.**

Upon trial of incest where one specific act of carnal intercourse between the parties is clearly singled out by the testimony of a female accomplice, and there is corroboration of her testimony as to such act, antecedent or subsequent acts of carnal, intercourse between the parties, are inadmissible.

**3.—Same—Each Separate Act of Intercourse is a Complete Offense.**

Where there are many separate acts of carnal intercourse between the parties extending over a period of time, each act is a separate offense complete in itself, under the law of Texas, and testimony of other acts of intercourse than the one charged, is inadmissible.

**4.—Same—Policy of the Law.**

Under our system of penal law and practice the accused is not called upon to answer for habits or tendencies or practices, however evil, but only for a particular designated action. Ramsey, Judge, dissenting.

Appeal from the District Court of Lamar. Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of incest; penalty, eight years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

COBB, Special Judge.—In this case it is charged that appellant on November 10, 1905, had carnal knowledge of his daughter, Myrtle Pridemore. In due time he was prosecuted and convicted, and has appealed to this court, and the action and judgment of the court below he has assailed in assignments of error which we proceed to consider.

1. The first assignment of error complains of proof of acts of intercourse subsequent to the one act charged in the indictment. The second assignment of error is upon the admission of evidence of acts of intercourse prior to the act charged. The third relates to the refusal to withdraw the testimony complained of in the first and second. The ground taken by appellant is that since prosecutrix had testified to a distinct and complete act of intercourse occurring in December, 1904, proof of neither prior nor subsequent acts was allowed, because such proof did not throw light on the proven act, was not necessary to show its completeness, was not res gestae, and was irrelevant and prejudicial. The objection to the evidence of prior and subsequent transactions was duly taken and bills of exception reserved.

Myrtle Webb, nee Pridemore, testified that she was at the time of the trial 20 years old; that in the fall of 1904 she, her brother Cleve, and her father, appellant, were picking cotton; that she and her father went across eight or ten rows from those they were picking and that he there did the act. She further testified, over appellant's objection, that he had had intercourse with her first when she was 12 years old and had continued to so do from time to time until she married, the 8th of April, 1906. Cleve Pridemore testified in explicit terms to the same cotton patch transaction. The question is by the record pointedly presented, and no other will be considered; is it permissible in incest where one specific act is clearly singled out by the testimony of the female accomplice, and there is corroboration of her testimony as to such act, to prove antecedent or subsequent acts of intercourse with the party charged? We premise a discussion of some general provisions of our Penal Code.

Art. 3 of the Penal Code: "In order that the system of penal law in force in this State may be complete within itself, and that no system of foreign laws, written or unwritten, may be appealed to, it is declared that no person shall be punished for any act or omis-

sion, unless the same is made a penal offense and a penalty is affixed thereto by the written law of this State."

Art. 9 of the Penal Code: "This Code, and every other law upon the subject of crime which may be enacted, shall be construed according to the plain import of the language in which it is written, without regard to the distinction usually made between the construction of penal laws and upon other subjects and no person shall be punished for an offense which is not made penal by the plain import of the words of a law."

Art. 439, subdivision 7, of the Code of Criminal Procedure, reads as follows: "The offense must be set forth in plain and intelligible words."

Art. 440 of the Code of Criminal Procedure reads as follows: "Everything should be stated in an indictment which it is necessary to prove, but that which is not necessary to prove need not be stated."

It is provided by the terms of articles 349 and 350 that if a man criminally knows his daughter he should be punished by imprisonment in the penitentiary. The act here denounced is that of sexual intercourse. Is it to be inferred from the words used that, though there be many separate such acts extending over a period of years there is but one offense, or was each several act in itself a complete offense? This question needs no answer. If then, each act is a separate offense complete in itself, independent of what may have preceded or may follow it, upon what ground can it be claimed that proof of acts other than the one charged may be introduced? It is fundamental law that all the elements of a cause of action, civil or criminal, shall appear in the pleadings, and that what needs not be alleged shall not be proved except the proffered fact be relevant to an issue made by the pleadings or bear upon the credibility of relevant testimony. Testimony that neither tends to affirm or negative, aid or rebut an issue made by the pleadings, nor to sustain or impair the evidence directly relevant to the issues made by the pleadings, ought not to be received where the doctrine that the allegation and proof must correspond obtains. It is insisted by some that as proof of other acts tends to render more probable the commission of the certain act charged, it ought therefore to be allowed. This contention proves too much, and if applied in the administration of our penal laws, we must abandon our system and adopt that prevailing in parts of continental Europe and inquire into the entire antecedence of the person on trial. It is no more true that proof of other incestuous acts renders more probable guilt in the particular instance than would proof of other thefts in a theft case, or proof that a defendant in any case was an abandoned and dissolute reprobate. It is also suggested that proof of other acts tends to corroborate the accomplice witness and ought therefore to be allowed. This is to say that whatever proof will help out the

discredited testimony of the particeps criminis ought to be admitted.
Evidence offered to sustain testimony of the accomplice should be
subjected to the same test of admissibility as any other and the
preliminary question is not what effect it will have, but what rela-
tion or relevancy it has to the issues arising from the pleadings.
Why should the State be allowed to prove other acts of incest?
Upon what terms different from those imposed in theft or murder
or arson? Is it to enhance the penalty? If prosecuting officers
deem the verdict in any one case inadequate to the guilt of numerous
repetitions of the act, let them prosecute again and again for the
other acts, and not resort to the device of charging one offense and
proving many. The suggestion that if proof of opportunity sought
and an inclination to do the deed be admissible, the finished act
being better or fuller of proof is much more admissible, is a mere
begging of the question. Proof that the party sought opportunity
or displayed an inclination will not add to the punishment if but
one offense be proved, and violates no rule of pleading and evidence.
(It might be asked why should even that kind of proof be admitted
when proof of the act charged is full and complete?) It seems that
in Taylor v. State, 110 Ga., 150, the court regarded all prior acts
that were not barred admissible upon the principles stated by Green-
leaf on Evidence, 2d vol., sec. 43, that criminal intercourse being
once shown, its continuance, if there be opportunity, will be pre-
sumed. If this suggestion be carried to its logical result, all that
need be shown to convict for an act not barred would be clear proof
of an act barred and proof of continued opportunity, and defendant
would be convicted not by proof, but by presumption. It has been
held that previous intimacy of the parties may be shown because such
previous intimacy tends to render probable the act charged. If
such rule were applied, any practice, habit, trait of character or dis-
position of the defendant that indicated he might probably commit
the offense would be admissible in evidence, and thus a boundless
field of speculation be opened and many collateral matters to the
confusion and befuddlement of the jury would have to be passed on.
It is, doubtless true that any evil practice, any proven violation of
the law of chastity renders it antecedently probable in some degree
that the perpetrator might offend in the same or some such particular
whenever opportunity presented, but defendants in our system of
penal law and practice are not called upon to answer for habits or
tendencies or practices, however evil, but to answer for particular
designated acts. We do not perceive how the testimony regarding
other acts either prior or subsequent could in any sense be regarded
as developing the res gestae. The same reasoning that would admit
other acts of incest would apply with equal cogency to other thefts.
But all the holdings and arguments in favor of the admission of
proof of other acts in incest seem based on a false assumption that
incest is a continuous offense or a habit, and that the offender in

this base crime will continue in his evil way, while our statute law makes one act of incest as is one act of theft or murder a distinct, separate and complete offense. The first incest case reported illustrates to our minds an exception to the rule here contended for. It is the Lott case reported by one Moses. We do not know how well the State was represented, but the defense seems successfully to have been interposed that the defendant was drunk and did not know what he was doing, or if he did, did not recognize the other party. In such case as that proof of other acts would be admissible to develop guilty knowledge.

The above discussion is drawn largely from a review of the Skidmore case, 57 Texas Crim. Rep., 497, 123 S. W. Rep., 1129, appearing in a recent number of the Central Law Journal, in which the cases holding the contrary view, we think, successfully shown to be based on unfounded assumption and fallacious reasoning. See also Hughes Crim. Law & Prac., 3139.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

McCord, Judge, not sitting.

RAMSEY, JUDGE.—It is to be admitted that the position of the court is stated with great force and exceptionable clearness by Judge Cobb. Among the fallacies, as I conceive, in the opinion, is the assumption that because the proof in the one case was clear, that other acts could not be admitted. This conclusion is directly in the face of every text writer among English speaking people throughout the world. It is opposed to the settled holding of this court from the day of its organization until the appearance of the Clifton case, 46 Texas Crim. Rep., 18, in 1904, where the Burnett case, 32 Texas Crim. Rep., 86, was overruled without discussion or the citation of a single authority. It is to be noted further that not a single authority is cited in support of the decision in this case. There are only two States in the Union whose decisions do support it, South Dakota and Utah. The rule is otherwise, and in accordance with my views in England, Canada, and all the other States of the American Union, supported by every text writer to whose work I have access. My own views are so fully stated in the recent case of Skidmore v. State, 57 Texas Crim. Rep., 497, 123 S. W. Rep., 1129, that it is unnecessary to here restate them. Ordinarily, I should feel inclined to acquiesce in the opinion of so wise, sound and accomplished a lawyer as Judge Cobb, especially as his ruling follows the most recent holding of this court, but since, in my opinion, the ruling is not only opposed to the conclusions of practically all the authorities the world over, since, as I believe, it is intrinsically unsound, and since, as I believe, it interferes with and hinders the administration of justice, aids and encourages the libertine and makes easy the way to death and ruin, I can not and do not consent

to it, but .dissent now, as I will dissent with my latest breath, hoping if I am right that the court will some day get back .in harmony with the rule so long and thoroughly established by it, and in harmony with the rule settled for generations in practically every civilized country in Christendom.