### HENRY PACE v. THE STATE.

#### No. 964.   Decided March 1, 1911.

#### 1.—Murder—Charge of Court—Accomplice Testimony.

Where, upon trial of murder, the court submitted an erroneous charge on accomplice testimony, and one which has been frequently condemned, it was reversible error.

#### 2.—Same—Evidence—Predicate—Reproduction of Testimony.

Where, upon trial of murder, there was no affidavit filed as a basis of reproducing testimony of the absent witness, nor was there any evidence introduced in the court below as to the whereabouts of said witness, except a want of knowledge on the part of the witnesses as to said whereabouts, the same was not a sufficient predicate for the purpose of the reproduction of the testimony of the absent witness.   Following Ripley v. State, 58 Texas Crim. Rep., 489, and other cases.   The question of the constitutionality of such testimony is not discussed.

#### 3.—Same—Evidence—Husband and Wife.

Upon trial of murder, there was no error in rejecting the testimony of the widow of one of the parties to the homicide, to the effect that her husband told her that he had killed the deceased.   This was a privileged communication between husband and wife.

#### 4.—Same—Evidence—Imputing Crime to Another.

Where, upon trial of murder, defendant offered to prove that on the Saturday following the killing of the deceased on the previous Sunday, defendant's witness had a conversation with one of the parties to the homicide in which the latter admitted that he killed the deceased in self-defense, it was reversible error not to admit this testimony.   Following DuBose v. State, 10 Texas Crim. App., 230, and other cases.

#### 5.—Same—Charge of Court—Defense of Another.

Where, upon trial of murder, one of the theories of the defense was that defendant, if he fired the shot that killed deceased, did so in the defense of another, it was reversible error not to charge the jury on this issue.

#### 6.—Same—Rule Stated—Charge of Court.

It is not the province of the court to decide what issues of fact suggested during the trial shall be submitted to the jury, but he should submit such issues by proper instructions.

Appeal from the District Court of Cass.   Tried below before the Hon. P. A. Turner.

Appeal from a conviction of murder in the second degree; penalty, eight years imprisonment in the penitentiary.

The opinion states the case.

*Hart, Mahaffey & Thomas,* for appellant.—On question of the court's charge on accomplice testimony: Pace v. State, 58 Texas Crim. Rep., 90, 124 S. W. Rep., 949; Maibaum v. State, 59 Texas Crim. Rep., 386, 128 S. W. Rep., 378; Newman v. State, 55 Texas Crim. Rep., 273, 116 S. W. Rep., 577; Tate v. State, 55 Texas Crim. Rep., 397; id., 604; Oates v. State, 51 Texas Crim. Rep., 449, 103 S. W. Rep., 859; Conant v. State, 51 Texas Crim. Rep., 610; id., 897.

On the question of insufficient predicate for reproduction of testimony: Evans v. State, 12 Texas Crim. App., 370; Martinez v. State, 26 Texas Crim. App., 91; McCullum v. State, 29 Texas Crim. App., 162; Ripley v. State, 58 Texas Crim. Rep., 489, 126 S. W. Rep., 586.

On the question of rejecting testimony of commission of offense by another: Dubose v. State, 10 Texas Crim. App., 230; Castillo v. State, 69 S. W. Rep., 517; Harrison v. State, 47 Texas Crim. Rep., 393, 83 S. W. Rep., 699; Kunde v. State, 22 Texas Crim. App., 65; Jackson v. State, 67 S. W. Rep., 497; Wharton's Crim. Ev., 225.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of murder in the second degree, and allotted eight years in the penitentiary.

A report of this case on former appeal will be found in 58 Texas Crim. Rep., 90. For purposes of the disposition of the questions arising on this appeal, a sufficient statement will be found in report of the former appeal.

1. Among other reasons, the judgment was reversed on former appeal on account of charges given in relation to the testimony of the accomplices who were used as witnesses. The charges are the same in this as on the former appeal in this respect which necessitates another reversal. The charge given in this case in regard to accomplice testimony has been frequently condemned as it was on the former appeal of this identical case. We deem it unnecessary to refer to those authorities as they are so thoroughly known to the profession and the bench.

2. The second question presented for reversal is error assigned upon the insufficiency of the predicate laid for the purpose of the reproduction of the testimony of Watts McLemore. Watts McLemore testified on the former trial, but was not produced on the trial in which this conviction resulted. There was no affidavit filed as a basis of introducing evidence of McLemore, nor was there any evidence introduced before the court as to his whereabouts, except a want of knowledge on the part of the witnesses as to said whereabouts. It seems that he had been raised at Vivian, in the State of Louisiana; that his family connections lived at that point. He was a single man about twenty-five years of age. His father and mother had died at Vivian. His brothers and sisters, it is stated in the evidence, lived at that point. None of the witnesses knew where McLemore was at

438      61 TEXAS CRIMINAL REPORTS.      [*March*,

the time of the trial. The witness Gamble testified that he at one time lived at Vivian, about ten years prior to this trial; that at that time McLemore lived at Vivian. Blalock testified that for a while he had McLemore in jail. Pepper testified that after McLemore left Linden, Cass County, subsequent to the former trial of this case, he went about eight miles this side of Vivian and went to work for Read; that Read lived near the Texas and Louisiana line, but lived in Texas; that McLemore was at court at Linden about a year prior to the time witness was testifying. He also testified the last. he heard of the witness he was living in Cass County, and was then at work in said county. Under all the authorities this is not a sufficient predicate for the reproduction of the testimony of a dead or absent witness. Ripley v. State, 58 Texas Crim. Rep., 489; Menges v. State, 21 Texas Crim. App., 413; Martinez v. State, 26 Texas Crim. App., 91; Sullivan v. State, 6 Texas Crim. App., 319; Garcia v. State, 12 Texas Crim. App., 335. See Ripley v. State, supra, for collation of other cases. The court erred in permitting the reproduction of the testimony of McLemore. There being no predicate laid to show the absence or death of the witness, and there being no predicate for the reproduction of the same, it is deemed unnecessary to discuss the further question that it was error to reproduce the testimony as the same was in violation of our Constitution as well as the statutes of the State. Had a sufficient predicate been laid, this question would be discussed.

3. Appellant offered to prove by Mrs. Dick Cain, widow of one of the parties to the homicide, that her husband told her that he had killed the deceased. It is unnecessary to state the details of the testimony offered through this witness. Cain it seems had been tried for this same offense, and had subsequently died. We are of opinion that the court did not err in excluding her testimony. The principle involved in this question has been decided adversely. to appellant, we think, in all the cases of this State where the question was raised. Matters of this sort occurring between husband and wife are privileged, and can not be used, even though one of the spouses be dead. For a review of the authorities see Gross v. State, 61 Texas Crim. Rep., 176, decided at the present term of the court.

4. Appellant offered to prove by the witness Byron Kyle that on Saturday following the killing of the deceased on the previous Sunday, he had a conversation with Dick Cain, one of the parties to the homicide, in which Dick Cain admitted that he killed the deceased, and that he killed him in self-defense. The bill sets out the details of the conversation and the facts given by Cain as to the killing, which we deem unnecessary to state. The main point for consideration raised by this bill of exception is that Cain confessed to and admitted the killing. This testimony was admissible. Such has been the rule in this State since the case of Dubose v. State, 10 Texas Crim. App., 230. The question was thoroughly reviewed in Harrison

v. State, 47 Texas Crim. Rep., 393, in an opinion by Judge Henderson, and the authorities collated. The matter again came before this court recently in Skidmore v. State, 57 Texas Crim. Rep., 497. On page 500 of the latter report will be found a collation of quite a number of cases supporting the proposition contended for by appellant. Several of the cases there cited go into the question rather elaborately. Wherever the State seeks to fasten criminality upon the party on trial, the accused has a right to meet and rebut any testimony which may be offered against him in any legitimate way. If Cain had been upon trial, his confession to the witness Kyle would have been admissible beyond any shadow of doubt, and would have been strong evidence to go before the jury. The State would have been seeking to introduce this and with great earnestness, and correctly so. If appellant could prove that another party or others committed the homicide, it might prove his innocence, and would be strong evidence to go before the jury in his favor. Any legitimate fact or circumstance which would meet or tend to meet the State's case and break the force of criminative facts introduced against the accused is always admissible. Appellant's contention was that he did not kill the deceased, but that Cain did. The State's theory was that appellant shot the deceased, and Cain did not shoot him. Under the rules of evidence this testimony was clearly admissible.

5. It is insisted that the court erred in failing and refusing to charge the jury as to the right of defendant to shoot and kill the deceased in the defense of Dick Cain. There is some testimony to the effect that deceased cursed and abused Cain, had threatened to kill him, and was making a demonstration to execute the threat at the time he was shot. It was then an issue in the case that defendant, if he shot the deceased, shot him in defense of Cain. If deceased was making an attempt to shoot or kill Cain, then Cain or appellant either would have the right to shoot in the defense of Cain, upon the theory of self-defense. The State's theory of the case was that appellant killed the deceased without provocation. There were two theories as to appellant's side of it suggested by the testimony: first, that Cain did the killing, and, second, that if appellant fired the shot that killed deceased, it was done after the deceased had threatened to kill Cain and had reached for his gun to execute the threat, and while in the act of getting his gun appellant fired the shot that did the killing. These were theories of the case, and appropriate charges should have submitted the law of these issues to the jury. It is not the province of the court to decide what issues of fact suggested during the trial shall be submitted to the jury. Wherever there is an issue in the case made by the testimony, the law applicable thereto should be given by proper instructions. The court may not believe the testimony, but that would be immaterial. Under our law the jurors are the judges of the facts, the weight of the testimony, and the credibility of the witnesses. It is the province of the court to

submit the law of these issues to the jury. The court can not directly or indirectly say to the jury that the testimony on one phase of the case is not to be credited, and the testimony on another phase is to be believed. The jurors are made judges of these matters.

For the errors indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*