### J. L. HOUSE v. THE STATE.

No. 4250. Decided November 8, 1916.

**1.—Forgery—Continuance—Bill of Exceptions.**

In the absence of a bill of exceptions, the overruling of the application for a continuance can not be reviewed by this court.

**2.—Same—Evidence—Suspended Sentence.**

Where the defendant filed a plea for a suspended sentence, which the court submitted, testimony as to arrests for other offenses was admissible, and where the bill of exceptions did not state the testimony, the same could not be considered on appeal.

Appeal from the District Court of Jones. Tried below before the Hon. John B. Thomas.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Payne & Patterson,* for appellant.—On question of evidence of other offenses: White v. State, 61 Texas Crim. Rep., 498.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of other offenses and suspended sentence: Williamson v. State, 74 Texas Crim. Rep., 289, 167 S. W. Rep., 360; Campbell v. State, 73 Texas Crim. Rep., 198, 164 S. W. Rep., 850; Mártoni v. State, 74 Texas Crim. Rep., 90, 167 S. W. Rep., 349; Conaster v. State, 75 Texas Crim. Rep., 91, 170 S. W. Rep., 314; Simonds v. State, 170 S. W. Rep., 1040.

DAVIDSON, JUDGE.—Appellant was convicted of forgery, his punishment being assessed at two years confinement in the penitentiary.

The refusal of appellant's continuance can not be revised in the absence of bill of exceptions reserved to the ruling of the court. There is but one bill of exceptions in the record, which is as follows: "The defendant excepts to the ruling of the court wherein he permitted the State, over the objections of the defendant, to elicit evidence from the sheriff of Stonewall County, Texas, and the sheriff of Jones County, Texas, to the effect, that they each held capiases for the arrest of the defendant for other and different offenses than the one in which he is being tried." The grounds were, that the testimony was irrelevant, immaterial, prejudicial and would in no way establish the guilt of the defendant, but was highly inflammatory and could serve no other purpose than to inflame the minds of the jury against him. The bill is very indefinite; it does not undertake to state the testimony; but conceding that the statement, that these officers held warrants for the arrest of appellant for offenses other than that for which he was being tried, presented the question, without a showing to the contrary this testimony may have been admissible on the issue of appellant's request for a suspended sentence. The court submitted the issue of suspended sentence to the jury, and this testimony would have been admissible upon that issue.

Finding no error in the record the judgment is affirmed.

*Affirmed.*