### W. J. WINGO v. THE STATE.

#### No. 5172.  Decided March, 1919.

1.—Incest—Charge of Court—Limitation.

Where, upon trial of incest, the evidence showed several acts of sexual intercourse, some of which would have been barred by the Statute of Limitation, a charge of the court which authorized a conviction if the act of sexual intercourse occurred on or about the first day of June, 1915, as alleged in the indictment which was filed May 14, 1918, was reversible error, although the acts occurring in 1914 were admissible in evidence, the defendant having denied the offense.  Following Bradshaw v. State, 82 Texas Crim. Rep., 357, 198 S. W. Rep., 942.

2.—Same—Accomplice—Charge of Court—Question of Fact.

Where, upon trial of incest, the prosecutrix testified that she engaged in the relation with defendant through fear but that she consented, the matter became a question of fact whether she was an accomplice, and where the charge of the court was unduly restrictive, the same was reversible error. Following Clifton v. State, 46 Texas Crim. Rep., 18, and other cases.

3.—Same—Rule Stated—Accomplice—Duress—Fraud.

A general statement of the prosecutrix that the accused had carnal knowledge of her without her consent, or that she resisted, or that it was had through force, fear or threat, must be considered in connection with her other testimony, etc., and if the proof shows that the act of sexual intercourse alleged to have been incestuous could not have occurred without her consent, etc., she is an accomplice witness, unless under duress or fraud.

Appeal from the District Court of Crosby.  Tried below before the Hon. W. R. Spencer, judge.

Appeal from a conviction of incest; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*J. W. Burton*, for appellant.—On question of insufficiency of the evidence: Bradshaw v. State, 198 S. W. Rep., 942; Skidmore v. State, 57 Texas Crim. Rep., 497, 123 S. W. Rep., 1129.

On question of accomplice: Mercer v. State, 17 Texas Crim. App., 452; Mammett v. State, 204 S. W. Rep., 226, and cases cited in the opinion, Pridemore v. State, 59 Texas Crim. Rep., 563, 129 S. W. Rep., 1112.

*E. B. Hendricks*, Assistant Attorney General, for the State.

MORROW, JUDGE.—This is a conviction for incest.  The indictment was filed on May 14, 1918, and charged that the offense was committed on or about June 1, 1915.  The court in instructing the jury authorized a conviction if the act of intercourse took place "on or about the day alleged in the indictment."  A timely objection to this phrase of the charge was made, with the suggestion that it be so amended as to tell the jury that to authorize

the conviction they must believe that the act of intercourse took place within three years anterior to the time the indictment was filed, and he complains of the refusal of the court to so correct the charge, pointing out that there were other acts of intercourse testified to by the accomplice, occurring at a date at which a prosecution based thereon would have been barred by the statute limiting the time for such prosecution to a period of three years after the offense is committed. The contention of appellant is enforced by condition of the evidence.

The prosecutrix gave birth to a child the 1st day of January, 1916, and thereafter in testifying before the grand jury, declared that she had not had intercourse with appellant, but claimed that the birth of the child was occasioned by intercourse with other persons. She was the stepdaughter of appellant, was twenty-two years old at the time of the trial and thereon testified that appellant began having intercourse with her when she was about thirteen years of age, and continued until after she became pregnant. The most cogent fact corroborating the prosecutrix, and connecting appellant with the offense, was the testimony of a witness who claimed that some time in the fall of 1914, he saw appellant and the prosecutrix in the act of sexual intercourse. The state of the evidence was such that the court in his charge should have made it clear to the jury that the conviction could not be based on the act described by the witness mentioned, it having occurred more than three years before the indictment was filed. The act occurring in 1914 was, we think, admissible in evidence, the appellant having testified and denied the offense, and having introduced testimony controverting that of the prosecutrix. Bradshaw v. State, 198 S. W. Rep., 942. But we think, responding to the objection made by appellant to the charge, that it should have been specifically stated therein that a conviction could be had only on an act occurring within three years prior to the filing of the indictment.

The prosecutrix testified that she engaged in the relation with appellant through fear he would harm her if she failed to do so, and to facts indicating that he took advantage of his relation to her to influence her to submit to him. She did consent, however, and kept silent. Under the evidence, whether she was an accomplice or not, was question of fact. Mercer v. State, 17 Texas Crim. App., 452; Dodson v. State, 24 Texas Crim. App., 514; Branch's An. P. C., sect. 1030; State v. Duff, 138 Am. St. Rep., 281, note.

The charge under the facts, was, we think, unduly restrictive in predicating the jury's right to find that she was an accomplice, upon their belief that she did voluntarily, and with the same intent which actuated defendant, unite with him in the alleged commission of the offense. Clifton v. State, 46 Texas Crim. Rep.,

18; Buford v. State, 68 Texas Crim. Rep., 295, 151 S. W. Rep., 538.

In Clifton's case, supra, the court submitting the issues arising out of facts quite similar to those developed in the instant case, framed his charge in substantially the same language as that complained of. Because of its restrictive effect a reversal was ordered.

To the same effect was the ruling in Pate v. State, 93 S. W. Rep., 556; Tate v. State, 77 S. W. Rep., 793. The principle by which the question whether the prosecutrix should be regarded as an accomplice should have been tested, is that stated by Mr. Branch as follows: "A general statement of the prosecutrix that the accused had carnal knowledge of her without her consent, or that she resisted, or that it was had through force, fear or threats, must be considered in connection with her other testimony and all the other facts in the case in determining whether or not her testimony given in behalf of the State is accomplice testimony, and if the proof shows that the act of intercourse alleged to be incestuous could not have occurred without her consent or that she did no oppose it, she is an accomplice witness, unless under duress or induced to consent by fraud." And in instructing the jury the court, in our opinion, on the suggestion of the appellant in his exceptions to the charge, in lieu of the language used, should have in appropriate terms embodied the principles stated above, and his failure to do so entitles appellant to a reversal of the judgment, for the reason that, except for the transaction referred to, occurring in 1914, the corroborating facts are extremely meager. On the proof of that transaction there was a sharp conflict and vigorous assault upon the credibility of the witness from whom it was developed and his indentification of the appellant as one of the parties engaged in the act was rather his inference from circumstances than from direct statement. The act of intercourse upon which the prosecution is predicated must, if it occurred about the first of June as testified to by the prosecutrix, have been several months after she became pregnant, as she claimed on the trial, by appellant, but as she previously testified under oath, through intercourse with others whom she named. The question whether her evidence was to be measured by the rule of accomplice testimony, which under our statute, article 801, C. C. P., requires corroboration, not only showing that the offense was committed but tending to connect the appellant therewith, was of vital importance, and the failure to furnish the jury the correct rule by which to determine that issue was, under the facts in the case, of such consequences as to require that the judgment of the trial court be reversed and the cause remanded.

*Reversed and remanded.*