## FRANCISCO LAREDO V. STATE.

No. 24822. June 14, 1950.
State's Motion for Rehearing Denied (Without Written Opinion)
October 18, 1950.

*J. P. Moseley*, Dallas, for appellant.

*Will R. Wilson, Jr.*, Criminal District Attorney; *Charles S. Potts*, and *Harold B. Wright*, Assistants District Attorney, Dallas, for the state.

GRAVES, Judge.

Appellant was charged with an incestuous relation with his own daughter, and upon conviction, he was given a term of ten years in the penitentiary, and he appeals.

While the complaining witness was upon the stand and upon her direct examination, she was asked about and testified to a prior incestuous act with her father some two weeks previous to the one charged in the indictment. It is observed that at such time no denial of any kind had been entered by appellant and no witness had been previously heard. This little girl was the first witness, and this prior act was gone into by the state on her direct examination. We think the decisions are in accord that such prior act was not admissible at the time such was proven.

In Wingo v. State, 89 Tex. Cr. R. 162, 229 S.W. 858, (860) we said:

"Other questions are raised by appellant in bills of exceptions, which we do not care to discuss, but, in view of another trial, call the attention of the district attorney to the complaint made in one of the bills that evidence of other acts of incestuous intercourse was introduced in evidence on the direct examination of the accomplice before there had been any denial of such incestuous relation, or a cross-examination of such a character as to make other acts of intercourse admissible. Wingo v. State, 85 Tex. Cr. R. 118, 210 S.W. 547; Alexander v. State, 82 Tex. Cr. R. 431, 199 S.W. 292; Bradshaw v. State, 82 Tex. Cr. R. 351, 198 S.W. 942; Hollingsworth v. State, 80 Tex. Cr. R. 291, 189 S.W. 488; Gross v. State, 61 Tex. Cr. R. 176, 135 S.W. 373, 33 L.R.A. (N.S.) 477; Pridemore v. State, 59 Tex. Cr. R. 563, 129 S.W. 1113, 29 L.R.A. (N.S.) 858; Skidmore v. State, 57 Tex. Cr. R. 497, 123 S.W. 1129, 26 L.R.A. (N.S.) 466."

See also 23 Tex. Jur. 513, sec. 17.

However, we note that appellant afterwards took the stand and denied any incestuous relations of any kind with his daughter, and thus rendered any previous incestuous association admissible as showing this kind of an act as probable by reason of his unnatural passion for this girl. We think the mere question of such legitimate testimony being brought into the case at the improper time was but a procedural error and not of sufficient importance to authorize a reversal hereof.

Bill of Exception No. 2 reflects the following procedure:

Dr. Caver was a physician operating in a city hospital in Dallas on the date of this alleged offense. The complaining witness was taken to such hospital and examined by this doctor. At the time of the trial Dr. Caver was in the State of Pennsylvania and unable to be present at this trial. Dr. E. G. Lyons, who was also connected with such hospital, testified that he had a card in the handwriting of Dr. Caver; that he obtained such card from the Emergency Ward of the City Health Department; that the card was made out on April 18, 1949. Over appellant's objections, Dr. Lyons was allowed to read and interpret such card to the jury. A portion of such card was harmless, but it was shown from an additional card that "sperm" was found in the vagina of this girl at the time of her examination by Dr. Caver. We do not think that this card and its contents were admissible in appellant's trial. We do think it was hearsay and the statements made thereon were certainly damaging to the appellant. Dr. Caver is not shown to have ever confronted appellant in any trial hereof, and his mere absence from the state would not render admissible any card memoranda made by him as to what he found in the vagina of appellant's daughter. See 18 Tex. Jur. p. 133, sec. 66; also Idem., p. 116, sec. 57, and many cases there cited. Furthermore, such card is especially not shown to have been made by Dr. Caver or under his supervision.

It is not shown, either by interpretation or the testimony, that Dr. Caver analyzed a smear taken from the vagina of the girl and found male sperm therein. True, there is an additional card found in the record, not signed by anyone, and it is not shown who, if anyone, made the analysis of such smear. We do not think such card is sufficiently identified to show such analysis to have been made by Dr. Caver. This matter is governed by our recent case No. 24,759—David W. Leach v. State, opinion handed down on May 10, 1950, 154 Tex. Crim. Rep. 560.

We do not think the case of McCoy v. State, 106 Tex. Cr. R. 593, 294 S.W. 573, to be in point herein.

For the reasons shown, the judgment is reversed and the cause remanded.