**Foley Ford GEPHART, Petitioner-Appellee,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellant.**

**No. 30449.**

United States Court of Appeals, Fifth Circuit.

April 16, 1971.

Rehearing Denied May 17, 1971.

Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Austin, Tex., Lonny F. Zwiener, Asst. Attys. Gen., for respondent-appellant.

N. Robert Stoll, Portland, Or., H. Lee Godfrey, Austin, Tex., for petitioner-appellee.

Before GOLDBERG and DYER, Circuit Judges, and GROOMS, District Judge.

GROOMS, District Judge:

This case is before us on an appeal challenging the action of the trial court

---

in granting appellee habeas corpus relief.

Appellee Gephart was convicted of the offense of statutory rape upon a girl of eight years of age. The jury imposed a death sentence. The conviction was affirmed by the Court of Criminal Appeals of Texas on February 27, 1952. Gephart v. State, 157 Tex.Cr.R. 414, 249 S.W.2d 612. His sentence was later commuted to life imprisonment.

Appellee unsuccessfully sought habeas relief from the convicting court and from the Texas Court of Criminal Appeals.

The court below, proceeding upon the pleadings and the state trial record, decided the case solely on the state's use of extraneous crimes. The issue presented is whether testimonial reference to such crimes in the state trial presents a federal question upon which relief can be predicated. We think not and reverse.

The testimony referred to involved sexual crimes (1) committed on others at the time and place of the rape of prosecutrix and (2) committed on prosecutrix and her nine-year-old sister upon dates prior and subsequent to the act charged in the indictment. On the defense of insanity there were references to appellee's sexual conduct by the Sheriff of Fayette County, Texas.

The Court of Criminal Appeals in its initial decision considered each of the alleged errors [1], not only on admissibility

1. "Bill of exception No. 5 complains of the testimony of prosecutrix concerning acts of intercourse and sodomy had by appellant with the other children on the day charged in the indictment. "The basis of the objection set forth in the bill of exception is that such testimony was proof of extraneous offenses. With this, we cannot agree. Since 1915, the rule expressed in Tennel v. State, 78 Tex.Cr.R. 400, 181 S.W. 458, has prevailed. There, it was held that in a statutory rape case proof of offenses committed on others at the same time is admissible as part of the res gestae. We have had occasion to follow this rule recently in Bowles v. State, Tex.Cr.App., [156 Tex.Cr.R. 548] 244 S.W.2d 811. * * *

"Bill of exception No. 4 complains that the prosecutrix was permitted to testify as to acts of intercourse with appellant prior and subsequent to the act charged in the indictment. The recent holdings of this court have approved such proof on the grounds that the same has a bearing on a material issue. That is, proof of the prior and subsequent acts would explain and lend credence to the testimony concerning the conduct of the parties on the occasion charged in the indictment, which would not otherwise appear plausible. Johns v. State, Tex.Cr.App., [155 Tex.Cr.R. 503] 236 S.W.2d 820. In this connection, it will be noted that the defense of alibi was interposed, which constituted a denial of the act and rendered such proof admissible under our holding in Laredo v. State, Tex.Cr.App., [155 Tex.Cr.R. 183] 232 S.W.2d 852. * * *

"On direct examination by the State, Sheriff Flournoy testified that he had had occasion to observe appellant, and that, from such observation, he had concluded that appellant was sane and knew the difference between right and wrong. On cross-examination, Flournoy stated that he had signed an affidavit in Fayette County during the time he had appellant under his observation to the effect that he believed appellant to be insane, and explained his conduct by stating that 'he had a reason for doing it'. On redirect examination, Flournoy stated:

'The reasons for signing this affidavit are that at the time we had this man under arrest, this new law regarding sex criminals wasn't in effect. In fact there wasn't a law at that time. This man had assaulted some little girls over there in Fayette County * * *.'

"The objection was leveled at the above on the grounds that it constituted proof of extraneous crimes. The objection was first overruled; and then, after deliberation, the court instructed the jury:

'Gentlemen of the jury, the jury is instructed that you will not consider the testimony of the witness, Sheriff Flournoy, concerning offenses alleged to have occurred in Fayette County by the defendant for any purpose other than as bearing upon the credibility of the witness, Sheriff Flournoy, if it does. That is in regard to the testimony which you have just finished hearing just prior to the recess.'

"However, we observe that County Attorney Hart was questioned also with reference to the reason for having the sanity hearing and testified, without objection, that the same was held because appellant was charged with a misdemeanor offense

but also upon motions to exclude the evidence as to past offenses and as to other acts of intercourse between the prosecutrix and appellee.[2]

Circumscribed, as we are, upon a petition for a writ of habeas corpus directed to a state court, we decline the invitation for a full-dress review of the alleged errors of the state trial court on the admissibility of evidence and for the substitution of our judgment for that of the Texas Court of Criminal Appeals in its application of state evidential rules in a criminal prosecution.

In Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606, the court, after first summarizing the instances where the Texas rules permit evidence of prior offenses, stated that, although the court's cases have proceeded on the premise that the Due Process Clause guarantees the fundamental elements of fairness in a criminal trial,

"[I]t has never been thought that such cases establish this Court as a rule-making organ for the promulgation of state rules of criminal procedure. And none of the specific provisions of the Constitution ordains this Court with such authority." [3]

The lengthy decision of the Court of Criminal Appeals reveals that there was a full adjudication of the alleged errors now urged as presenting a basis for federal relief. It also clearly reveals that the decision as to such asserted errors turned upon the application of state criminal procedural rules dealing with the admissibility of evidence and the necessity for contemporaneous objections under those rules.

It is our firm view that this record does not present a proper case for habeas corpus relief and the trial court erred in so decreeing.

The order granting the writ is reversed and the writ is vacated.

and should have been charged with several. On cross-examination by appellant's counsel, it was developed that the offense was a sex offense, the punishment for which could not exceed 2 years in jail and a $1,000 fine.

"This testimony about the same transaction being more injurious than that complained of in this bill was admitted without objection."

2. "Bill of exception No. 10 complains of the refusal of the court to grant appellant's motion to exclude certain testimony concerning past offenses made after the witness had finished testifying. An examination of the bill reflects that part of the complained of testimony was elicited by appellant's counsel on cross-examination. Therefore, the bill fails to reflect error, first, because no objection was made at the time the evidence was given and, second, because the evidence was given in answer to questions on cross-examination by appellant's counsel. It will be noted, however, that the court gave the jury a limited instruction to disregard the testimony.

"Bill of exception No. 12 is based upon claimed fundamental error in the failure of the trial court to exclude evidence of other acts of intercourse between prosecutrix and appellant, even though not objected to at the time the testimony was given. The holding in the Johns case, discussed under bill of exception No. 4, disposes of the contention raised herein. To us, it is immaterial at which stage of the proceedings the evidence is introduced."

3. In Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701, decided February 23, 1971, Justice Black, speaking for the Court, said:

"The propriety of arrests and the admissibility of evidence in state criminal prosecutions are ordinarily matters to be resolved by state tribunals, see Stefanelli v. Minard, 342 U.S. 117 [72 S.Ct. 118, 96 L.Ed. 138] (1951), subject, of course, to review by certiorari or appeal in this Court or, in a proper case, on federal habeas corpus."