**Larry M. FERRELL, Petitioner-Appellant,**

v.

**Dr. George BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 71–1370.**

United States Court of Appeals, Fifth Circuit.

Dec. 3, 1971.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

1. See N.L.R.B. v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F.2d 966.

1. See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970).

   The chief complaint of appellant Ferrell relates to the admission of evidence as to certain extraneous offenses, a claim which is not new to this court. Gephart v.

**William James Vassel LOVE, Petitioner-Appellant,**

v.

**Murry DANIEL, Respondent-Appellee.**

**No. 71–1410.**

United States Court of Appeals, Fifth Circuit.

March 1, 1972.

Joe H. Little, Jr., Mobile, Ala. (court-appointed), for petitioner-appellant.

MacDonald Gallion, Atty. Gen., of Ala., J. Victor Price, Jr., State of Alabama, Montgomery, Ala., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

Appellant, a state prisoner serving a life sentence for first degree murder, here claims that the District Court erred in denying his petition for habeas corpus. We need not—and we do not—go further, however, than the question of whether or not the Court erred by failing to hold an evidentiary hearing. We have determined that under the dictates of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), the allegations raised by the petition are such as to necessitate a hearing. The order denying Appellant's petition for habeas corpus is therefore vacated and the case is remanded for a full hearing on the merits.

Vacated and remanded.

Beto, 441 F.2d 319 (5th Cir. 1971); United States v. Pittman, 439 F.2d 906 (5th Cir. 1971); United States ex rel. Gueldner v. Heyd, 434 F.2d 1307 (5th Cir. 1970); Nees v. Culbertson, 406 F.2d 621 (5th Cir.), cert. denied, 395 U.S. 959, 89 S.Ct. 2098, 23 L.Ed.2d 745 (1969). See also Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967).